NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3900
_____

CYNTHIA M. HWANG, ESQ.,

Appellant

v.

TOWNSHIP OF HILLSBOROUGH;
TOWNSHIP OF BRIDGEWATER
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-15-cv-02685)
District Judge: Hon. Peter G. Sheridan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 8, 2016
_____

Before: JORDAN, VANASKIE, and KRAUSE, *Circuit Judges*.

(Opinion Filed: February 15, 2017)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Cynthia Hwang appeals the District Court's order dismissing her complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. On appeal, Hwang argues that the District Court erred in holding that she did not have a constitutional right to a jury trial on criminal charges that New Jersey law treats as "petty offenses." Because the District Court correctly concluded that Hwang's argument is foreclosed by Supreme Court precedent, we will affirm the District Court's dismissal of her complaint.[1]

I.

Hwang brought this action under 42 U.S.C. § 1983 against the New Jersey Townships of Hillsborough and Bridgewater as a result of an arrest that occurred in Hillsborough in October of 2012, and a subsequent criminal trial that occurred in the Bridgewater Municipal Court in June of 2013. Hwang alleges that she "was charged with refusal to provide breath sample, DUI, failure to maintain lane, resisting arrest, and cracked windshield." (Complaint ¶ 25.) Hwang does not contend that any of these offenses carried a prison term of more than 6 months or a fine of more than $1,000. She was convicted of each of the charged offenses following a nonjury trial.[2] Although Hwang's Complaint raised a number of claims arising out of her arrest and conviction,

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of a complaint under Rule 12(b)(6). *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). Because we write primarily for the parties, our discussion of the facts is limited to those most relevant to this appeal.

[2] The record before us does not include the punishment imposed. Nor does the record disclose whether Hwang appealed the convictions in the New Jersey State Courts.

her appeal is limited to the question of whether she had a constitutional right to a trial by jury on the charges against her.

The Sixth Amendment, in pertinent part, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a . . . trial[] by an impartial jury of the State . . . wherein the crime shall have been committed." The states are bound by the Sixth Amendment jury trial guarantee through its incorporation into the Due Process Clause of the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968). But despite the broad pronouncement that the accused in "all criminal prosecutions" has the right to a jury trial, the Supreme Court in *Duncan* observed that "[i]t is doubtless true that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision and should not be subject to the Fourteenth Amendment jury trial requirement here applied to the States." *Id.* at 159 (footnote omitted).[3] The Supreme Court further explained the reasons for this exclusion. Historically, "petty offenses were tried without juries both in England and in the Colonies and have always been held to be exempt from the otherwise comprehensive language of the Sixth Amendment's jury trial provisions." *Id.* at 160. Practically, "the possible consequences to defendants from convictions for petty offenses have been thought insufficient to

---

[3] *See also S. Union Co. v. United States*, 132 S. Ct. 2344, 2351 (2012) (stating that insubstantial fines and "offenses punishable by relatively brief terms of imprisonment . . . do not entitle a defendant to a jury trial"); *Blanton v. City of N. Las Vegas*, 489 U.S. 538, 541 (1989) ("It has long been settled that 'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.'"); *District of Columbia v. Clawans*, 300 U.S. 617, 624 (1937) ("It is settled by the decisions of this Court . . . that the right of trial by jury . . . does not extend to every criminal proceeding.")

3

outweigh the benefits to efficient law enforcement and simplified judicial administration resulting from the availability of speedy and inexpensive nonjury adjudications." *Id.* In *Duncan*, the Court concluded that "[c]rimes carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses." *Id.* at 159.

In *Lewis v. United States*, 518 U.S. 322, 326 (1996), the Court reaffirmed that "[a]n offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious." The Court in *Lewis* addressed an issue raised by Hwang: whether there is a right to trial by jury when the accused is charged with several petty offenses so that the punishment in the aggregate could exceed six months' imprisonment. The Court answered this question in the negative, stating that "[w]here the offenses charged are petty, and the deprivation of liberty exceeds six months only as a result of the aggregation of charges, the jury trial right does not apply." *Id.* at 330.

Here, Hwang does not argue that any of the crimes with which she was charged carried a potential prison term of more than six months. Nor does Hwang dispute the fact that under New Jersey law, the crimes with which she was charged are classified as "petty disorderly persons offenses" or "disorderly persons offenses," and that the New Jersey legislature has decreed that "[t]here shall be no right . . . to trial by jury on such offenses." N.J. Stat. Ann. § 2C:1-4. Instead, Hwang asserts that "the petty offense doctrine is an unjustified departure from both the letter and underlying philosophy of the Constitution," and she asks that we "abandon dubious Sixth Amendment precedents in

4

favor of more principled jurisprudence." (Appellant's Reply Br. at 9.)  In making this argument, Hwang tacitly concedes that governing Supreme Court precedents, including *Duncan* and *Lewis*, have resolved this issue in a way adverse to her position.  "Supreme Court decisions are binding precedent in every circuit."  *United States v. Katzin*, 769 F.3d 163, 173 (3d Cir. 2014) (en banc).  Accordingly, the District Court correctly rejected Hwang's challenge to the petty offense doctrine.[4]

## II.

For the foregoing reasons, we affirm the District Court's November 20, 2015 order dismissing Hwang's complaint for failure to state a claim.

---

[4] Because we affirm the District Court's decision to dismiss Hwang's complaint on this ground, we need not address Appellee Township of Hillsborough's argument that Hwang's claims were untimely.